[No. 7,130.    In Bank.—January 28, 1885.]

J. ALEXANDER, APPELLANT, v. THE MUNICIPAL COURT OF APPEALS IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

MUNICIPAL COURT OF APPEALS—APPEAL—DISMISSAL—CERTIORARI.—The municipal court of appeals of the city and county of San Francisco had jurisdiction to dismiss an appeal for failure to prosecute it. Consequently, a dismissal of an appeal for failure to prosecute it, although erroneous, cannot be reviewed on *certiorari*.

APPEAL from a judgment of the late Nineteenth District Court, and from an order of the Superior Court of the city and county of San Francisco.

On the 19th of July, 1877, H. Rothschild brought an action in the justice's court of San Francisco against J. Alexander, to recover damages for alleged injuries to real property. From a judgment rendered therein against Alexander, an appeal was taken to the county court on questions of both law and fact. The act establishing the municipal court of appeals was passed April 1, 1878. On the 7th of August, 1879, the case of *Rothschild* v. *Alexander*, on appeal to the county court, was called upon the calendar of the municipal court of appeals for trial, *de novo;* and there being no appearance on the part of the appellant, the court, on motion of the respondent, ordered the appeal to be dismissed for want of prosecution. A writ of review was granted by the nineteenth district court, and on December 15, 1879, such court affirmed the order of the municipal court of appeals, dismissing the appeal. The petitioner applied for a rehearing, which was granted. On February 4, 1880, the Superior Court set aside the order of the nineteenth district court granting a rehearing.

*R. Percy Wright*, for Appellant.

The municipal court of appeals exceeded its jurisdiction in dismissing the appeal without notice to the appellant (§§ 10 and 12 of the Statutes of 1877–78, p. 947; Code Civil Proc., § 980); such notice should have been in writing. (Code Civil Proc., § 1010 ; *Borland* v. *Thornton*, 12 Cal. 441.)

*Jos. Rothschild*, for Respondent.

SHARPSTEIN, J.—The respondent had the power to dismiss an appeal for a failure to prosecute it, or unnecessary delay in bringing it to a hearing. (C. C. P., § 980.)

Said court dismissed the appeal in *Rothschild* v. *Alexander*, "for want of prosecution." Conceding that the record does not show the existence of that or any other valid ground for the dismissal of the appeal, was such dismissal without or in excess of the jurisdiction of said court? If not, the order cannot be reviewed on *certiorari*. The court had the power to dismiss the appeal for a failure to prosecute it. And the question whether there had been a failure to prosecute it was one which the court would have to decide, whenever a motion was made to dismiss on that ground. The most that can be claimed in this case is, that the court erroneously decided there had been a failure to prosecute; because in case of a failure to prosecute, a dismissal is expressly authorized. The question whether there had been a failure or not was one on which the court was authorized to pass, and if it decided correctly, no question of jurisdiction could arise. And we think that none can arise, where a court erroneously decides a question which it has the power to decide. To decide whether there has been a failure to prosecute an appeal requires the exercise of judgment. The code does not say what shall be deemed to constitute such a failure. It was therefore the duty of the court to determine what did, and an erroneous decision of the question affords no ground for a review of the judgment on *certiorari*.

Judgment affirmed.

Ross J., MORRISON, C. J., and McKEE, J., concurred.