Decided 14 September, 1898.

## GARNSEY *v.* COUNTY COURT.

[54 Pac. 539, 1089]

1. RULES OF COURT—FILING BRIEFS.—Appellant, having failed to file abstract or brief because the same questions were involved in another case pending on appeal, may, on the other case being dismissed, be relieved from failure to file them as required by the rules of court, and the case be heard on the briefs in the other case and such others as either party may file.

2. REVIEW TO PROBATE COURTS.— A county court sitting for the transaction of probate business is an "inferior court" whose proceedings may be examined by a writ of review under Hill's Ann. Laws, § 585 as amended (Laws 1889, 135): *Kirkwood* v. *Washington County*, 32 Or. 568, approved.

3. REMEDIAL SCOPE OF WRIT.— Under Hill's Ann. Laws, §§ 585, 591, providing that a writ of review shall be allowed in all cases where the inferior court appears to have exercised its judicial powers erroneously, or to have exceeded its jurisdiction, to the injury of some substantial right, and that the court

may affirm, modify, or annul the determination reviewed, the scope of the writ is confined to those cases where jurisdiction has been exceeded, or judicial functions have been exercised in an illegal manner. The writ is still substantially the common law proceeding: *Dayton* v. *Board of Equalization*, 33 Or. 131, approved.

4. Idem.— A writ of review will not lie to revise the action of a probate court in passing on a claim presented against an estate, provided the proceedings are in due form.

From Klamath : W. C. Hale, Judge.

Writ of review by Cecil J. Garnsey against the county court of Klamath County and its judge to review the action of said court in allowing a certain claim against an estate. The circuit court dismissed the writ, whereupon petitioners appealed. The case was heard on a motion to affirm and on the merits.

Affirmed.

For appellants there were briefs over the names of *Reddy, Campbell & Metson*, and *J. W. Hamaker*, with an oral argument by *Messrs. Hamaker* and *Peter H. D'Arcy*.

For respondent there was a brief and an argument by *Mr. N. B. Knight*, urging, among others, this point.

This is the first time in the judicial history of this state where an attempt has been made to revise or review by writ of review a judgment of a county court in the exercise of its jurisdictional powers as a probate court. Why? Because no lawyer who has any respect for his profession would compromise his reputation by displaying such dense ignorance of the constitution and laws of his state. There can be no writ of review in such cases. The only remedy is by an appeal. The allowance of attorney fees, charges and expenses rests in the sound discretion of the probate court and its judgment in those matters will not be disturbed unless it can be shown it was corrupt. Now the attorney says that while Fred. H. Mills was adminis-

trator and I was his attorney there was no litigation in which the estate was a party.   He knows he sued the administrator, Fred. H. Mills, for over $14,000.00 at the November term, 1891, of the Circuit Court for Klamath County.   If there had been a trial of that suit he would have paid the costs.   I see he recollects my services to the estate in that suit.   " *Haeret lateri lethalis arundo.*" In his additional brief he talks about " multifarious litigation."   All lawyers know what a multifarious pleading is in equity, but who ever heard of a multifarious litigation?   In his additional brief he calls the order of Judge Moore of July 12, 1895, a *brutum fulmen*, and in his original brief he calls it a *brutem fulmen*.   Now what on earth he means by that I don't know.   Evidently he is pretending that he knows something about the Latin language.   But any tyro in that language would know from the inaptness of the phrases employed that he knew just as much about the Latin language and its appropriate legal and literary uses in the English language as a mule does about music.   For the benefit of this attorney let me quote a single line from a great poet :

" A little learning is a dangerous thing."

ON MOTION TO AFFIRM.

MR. JUSTICE BEAN delivered the opinion.

1. In April, 1897, a motion was filed in this court to affirm the judgment of the court below on the ground that the appellants had failed to file an abstract or brief within the time required by the rules of the court.   As an excuse for not complying with the rule, the appellants filed an affidavit alleging that the same questions presented in this proceeding were involved in the case of *Knight* v. *Hamaker*, which had not then been heard, and

asked that in consequence thereof the matter be held in abeyance until the final disposition of the other case. Upon this state of facts the motion was submitted, and has been reserved for further consideration until this time. The case of *Knight* v. *Hamaker* having now been disposed of without a consideration of the merits, 33 Or. 154 (54 Pac. 277), it is deemed best to deny the motion to affirm in this case, and to direct that the appellants be relieved from filing either an abstract or brief, and that the case be set down for an early hearing on the briefs filed in the Hamaker appeal and such additional briefs as either party may desire to file ; and it is so ordered.

MOTION DENIED.


ON THE MERITS.

MR. JUSTICE BEAN delivered the opinion.

This is an appeal from a judgment of the Circuit Court of Klamath County dismissing a proceeding by writ of review brought for the purpose of reversing and annulling a decree of the county court made in the Matter of the Estate of W. H. Mills, Deceased, directing the administrator thereof to pay N. B. Knight $1,329 for fees and expenses incurred by him as the attorney for a former administrator of such estate. The petition for the writ, after describing the proceedings of the county court, alleges that the court exceeded its jurisdiction, and exercised its judicial functions erroneously, to the injury of plaintiffs, and asserts that such proceedings are erroneous and void : ''First, because the said claim of N. B. Knight is not a proper claim or charge against the estate of said decedent, but is a claim for legal services rendered to the said Fred. H. Mills in his individual capacity, and not as

administrator, and is for services not in the care and management, but against the interest, of said estate, all of which will more fully appear by the records of the proceedings in said county court in the matter of said estate ; second, because the said claim is presented as a claim for expenses of administration, and not a claim for a debt contracted by decedent in his lifetime, and can only be allowed upon final accounting of said estate ; third, because there has never been a final account of the administration of said estate, and the said claim is open to objection by any party interested in said estate, until the filing and settlement of such final account ; fourth, because it appears from said pretended claim of said N. B. Knight that said services had not been fully rendered, and the same was examined and allowed by the said administrator before said services had been rendered.''

2.   It is contended by the defendants that the judgment of the court below should be affirmed for the reason that a county court, sitting for the transaction of probate business, is not an inferior court, within the meaning of the law authorizing the proceedings in such a tribunal to be examined on writ of review.   But this question is settled by the decision in *Kirkwood* v. *Washington Co.*, 32 Or. 568 (52 Pac. 568) where it is said that ''all courts and tribunals over which the circuit courts are given appellate jurisdiction and supervisory control by the constitution '' are inferior courts or tribunals, within the meaning of the statute referred to.

3.   But it by no means follows from this doctrine that a writ of review under our statute may be used as a substitute for an appeal, or that mere errors of an inferior court or tribunal in determining questions of fact or of law can be corrected by such a proceeding.   The statu-

tory writ of review is substantially the common-law remedy of certiorari, with some modifications as to when the writ may issue, and the relief which may be granted. At common law certiorari was used, when there was no remedy by appeal or writ of error, to bring the record of an inferior court or tribunal exercising judicial functions before a superior court for the sole purpose of determining from the inspection thereof whether such court or tribunal had acted without jurisdiction, or in excess thereof, or, having jurisdiction, had proceeded illegally and contrary to the course of the common law ; and the only judgment which could be rendered was either that the writ be quashed, or that the proceedings be annulled. *Chicago & Rock Island Railroad Co.* v. *Fell*, 22 Ill. 333. Under the statute, the fact that the right of appeal exists is no objection to the issuance of the writ.. Hill's Ann. Laws, § 585. And in such proceeding the court has power to affirm, modify, reverse or annul the determination reviewed, and, if necessary, award restitution to the plaintiff ; or, by mandate, direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its decision. Hill's Ann. Laws, § 591. But the statute does not materially enlarge the scope of the writ, or substantially change its character or purpose. *Dayton* v. *Board of Equalization*, 33 Or. 131 (50 Pac. 1009, 1012) ; *Cal. & Oregon Land Co.* v. *Gowen*, 48 Fed. 771. It may issue when there is a right of appeal, but it is expressly limited to cases where the inferior court, officer or tribunal, in the exercise of judicial functions, appears to have exercised such functions erroneously, or to have exceeded its jurisdiction, to the injury of some substantial right of the petitioner, and not otherwise. Hill's Ann. Laws, § 585. In other words, the writ will lie in two classes of cases : First, whenever the inferior court or tribunal has exceeded its jurisdiction ; and, second, whenever it has

exercised its judicial functions erroneously (that is, illegally and contrary to the course of procedure applicable to the matter before it) ; and this is substantially the common law rule. Its object, under the statute, as at common-law, is to keep inferior courts and tribunals within the bounds of their jurisdiction, and compel them to proceed regularly in the disposition of matters brought before them for determination ; but it cannot be used as a substitute for an appeal, nor does it lie to correct mere errors in the exercise of rightful jurisdiction, or to inquire whether the rulings of the inferior tribunal upon the law and the evidence, and in the application of the law to the facts, are correct. 2 Spell. Extr. Relief, § 1891 ; 4 Enc. Pl. & Prac. 90, 98, 256 ; *Ennis* v. *Ennis,* 110 Ill. 78 ; *Hamilton* v. *Harwood,* 113 Ill. 154 ; *People* v. *Dwinelle,* 29 Cal. 632 ; *Central Pac. R. Co.* v. *Board of Equalization,* 46 Cal. 667 ; *Alexander* v. *Municipal Court,* 66 Cal. 387, (5 Pac. 675) ; *Tiedt* v. *Carstensen,* 61 Iowa, 334 (16 N. W. 214) ; *Lewis* v. *Larson,* 45 Wis. 353.

4. Now, in this case there is no pretense that the county court of Klamath County did not have jurisdiction to pass upon the legality of Knight's claim, or that its proceedings in relation thereto were not in due form. But the contention is that it erred in deciding the claim valid as against the estate. This was a question which it was authorized to decide, and its conclusion, however erroneous, cannot affect its jurisdiction, or the regularity of its proceedings, and hence presents no question for determination on a writ of review. If the position of the petitioners is correct, the writ becomes a concurrent remedy with an appeal, and any question of law which can be raised on an appeal can be tried in such a proceeding ; but this is manifestly not its object or purpose. It is true, the statute provides that it shall be concurrent with

the right of appeal, but it does not provide that it shall be a concurrent remedy with an appeal. Under the statute, the fact that the right of appeal exists is no objection to the issuance of the writ, if otherwise proper, but it cannot be substituted for a writ of error or appeal. The reason for the amendatory act of 1889 is well known. Prior to that time the course of judicial decisions in this state had not been uniform as to when a writ of review would lie. It was first held to be concurrent with an appeal: *Schirott* v. *Phillippi*, 3 Or. 484. This was afterwards denied, and it was held that a writ could not issue so long as the right of appeal existed, but that when the time for an appeal had expired it might be issued : *Evans* v. *Christian*, 4 Or. 375. And finally it was held that the writ would not lie in any case where the right of appeal was given by law : *Ramsey* v. *Pettengill*, 14 Or. 207 (12 Pac. 439). It was to settle the contradictions involved in those cases that the act of 1889, making the writ of review concurrent with the right of appeal, was passed. But it was not intended to, nor did it in any way, change the scope or effect of the writ, or authorize the determination of any questions in such a proceeding which could not have been tried therein before its passage. It follows from these views that the petitioners have mistaken their remedy, and that the judgment of the court below dismissing the writ must be affirmed.

AFFIRMED.