Argued May 22, affirmed June 11, 1918.

## ARSTILL *v.* HARE.

(173 Pac. 571.)

**Highways—Establishment—Preliminary Survey—Presumption.**

1. In proceedings to review action of County Court in establishing a county road, where there was no record of a preliminary survey, it will be presumed to have been made; there being no evidence to the contrary.

**Evidence—Presumptions—Official Duty.**

2. In establishing a county road, a preliminary survey being required by statute will be presumed to have been made under the presumption that official duty has been regularly performed.

**Highways—Establishment—Scope of Review—Record.**

3. The sufficiency of field-notes, plats and profiles will not be considered on proceedings to review the action of a County Court in establishing a county road; the record showing the filing of such field-notes, plats, and profiles.

**Highways—Establishment—Viewers—Appointment—Irregularities.**

4. Where County Court in establishing county road reject the first report of the board of viewers, and, making a new order for viewing, reappoint the same viewers, the court's failure to make an order dismissing the viewers before reappointing them is a mere irregularity and harmless.

**Highways—Establishment—Viewers—Report—Damages.**

5. Where the report of viewers appointed by County Court in the establishment of county road upon the question of damages follows the language of Section 6290, L. O. L., providing for the assessment

of damages in the establishment of such roads, the County Court did not exceed its jurisdiction in its approval thereof.

**Highways—Establishment—Record—Damages—Viewers.**

6. In proceedings to review action of County Court in establishing county road, where the record is silent on the methods adopted by viewers in ascertaining damages, the court cannot pass on question of whether allowance was made for land taken.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 2.

This is a proceeding to review the action of the County Court of Tillamook County in establishing a county road. The Circuit Court dismissed the writ and the petitioners appeal.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Webster Holmes.*

For respondents there was a brief over the names of *Mr. T. H. Goyne,* District Attorney, and *Mr. Sidney S. Johnson.*

BENSON, J.—1, 2. The first contention presented by appellants is that no preliminary survey was made of the proposed highway as required by statute. This objection is based upon the fact' that the record is silent upon the subject. There is no statute requiring a record of such preliminary survey and in the absence of evidence the presumption that official duty has been regularly performed, must prevail.

3. It is next urged that no sufficient field-notes, plats or profiles were filed as required by law. The record shows affirmatively the filing of field-notes, plats and profiles, and the question of their sufficiency cannot be investigated in a proceeding of this nature: *Garnsey* v. *County Court,* 33 Or. 201 (54 Pac. 539, 1089).

4. The third point raised by appellants is that the County Court, having rejected the first report of the board of viewers, and without making an order discharging them, reappointed the same parties, making a new order for viewing, surveying, etc. This at most, could be no more than a mere irregularity, and not substantial error.

5, 6. Finally it is urged that the County Court exceeded its jurisdiction in approving the report of the viewers upon the question of damages. The report of the viewers upon this subject follows the language of the statute then governing the matter, Section 6290, L. O. L., and the record is silent as to the manner in which they arrived at the result. Counsel for petitioners asserts that they did not make any allowance for the land actually taken, but we are unable to find anything in the record upon which to base an inference as to the details considered by the viewers in determining the amount of damage.

We find no error in the record, and the judgment is affirmed. AFFIRMED.

BEAN, HARRIS and MOORE, JJ., concur.