## ALASKA CREDIT BUREAU v. SCUDDER.
### No. 5482–A.

District Court of Alaska. First Division. Juneau.
Feb. 1, 1946.

William L. Paul, Jr., of Juneau, for plaintiff.
No appearance for defendant.

KEHOE, District Judge.

The petition for writ of review alleges that plaintiff sued in the Justice Court for Juneau Precinct on an account stated for less than $1,000; that defendant appeared and personally denied the allegations of the complaint and moved to dismiss the action; that the Justice ruled certain offered evidence of plaintiff inadmissible. Later plaintiff moved for judgment for failure on the part of the defendant to prosecute his motion to dismiss the action, and for judgment as prayed for. The Justice overruled both plaintiff's motions.

The petition assigns as manifest error in the proceedings the ruling of the Justice on plaintiff's motions for default, and his ruling on the offer of evidence. It is to correct these actions that the petition for writ of review is sought.

The statutory grounds for review are as follows:

Sec. 4103. "Who may prosecute. Any party to any process or proceeding before or by an inferior court or tribunal may have the decision or determination thereof reviewed for errors therein as in this chapter prescribed. Upon a review, the court may review any intermediate order involving the merits necessarily affecting the decision or determination sought to be reviewed."

Sec. 4104. "By whom allowed and how applied for. The writ shall be allowed by the District Court or judge thereof, upon the petition of the plaintiff, describing the decision or determination sought to be reviewed with convenient certainty, and setting forth the errors alleged to have been committed therein. Such petition shall be signed by the plaintiff or his attorney, and verified by the certificate of an attorney of the court, to the effect that he had examined the process or proceeding and the decision or determination therein, and that the same is erroneous, as alleged in the petition."

Sec. 4105. "When allowed. The writ shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy, and where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously, or to have exceeded it or his jurisdiction, to the injury of some substantial right of the plaintiff."

Since it appears that no judgment has been entered or final decision made by the Court below, the case is still pending therein. The statute is clear that only where the judicial functions of the lower court appear to have been exercised erroneously or where that Court exceeded its jurisdiction, may the decision or determination be corrected by the writ.

Did the lower court exceed its jurisdiction in overruling a motion for judgment for failure on the part of defendant to prosecute, and in overruling a motion for judgment on the pleadings? The lower court certainly had the right in a case based on account stated where the amount in controversy was less than $1,000 to pass upon such motions. The Court did so, according to the petition, and in doing so, did not exceed its jurisdiction.

"The writ will lie only when the inferior court or tribunal has exceeded its jurisdiction or exercised its functions illegally or contrary to the course of procedure applicable to the matter before it." Farrow v. Nevin, 44 Or. 496, 75 P. 711, 712.

In the case of McAnish v. Grant, 44 Or. 57, 74 P. 396, construing a statute of Oregon similar to our own the Court quotes Justice Wolverton (Dayton v. Board of Equalization, 33 Or. 131, 50 P. 1009) in speaking of the character of the writ of review, and the office which it performs, as follows [44 Or. 577, 74 P. 398]: "It is substantially the common-law remedy by certiorari, which was invoked for the purpose of having the entire record of the inferior tribunal brought up for inspection, to determine

whether it had jurisdiction, or had exceeded its jurisdiction, or had failed to proceed according to the essential requirements of the law."

Mr. Justice Bean in another Oregon case, Garnsey v. County Court, 33 Or. 201, 54 P. 539, 1089, 1090, says: "Its object, under the statute, as at common-law, is to keep inferior courts and tribunals within the bounds of their jurisdiction, and compel them to proceed regularly in the disposition of matters brought before them for determination; but it cannot be used as a substitute for an appeal, nor does it lie to correct mere errors in the exercise of a rightful jurisdiction, or to inquire whether the rulings of the inferior tribunal upon the law and the evidence, and in the application of the law to the facts, are correct."

In McAnish v. Grant, supra, Chief Justice Moore says: "A writ of review will not bring up the evidence, but only the record, from an inspection of which, jurisdiction and the correctness of the judgment are to be determined."

An error of judgment on the part of the Judge, either as to the facts or to the law of the case, cannot be inquired into and corrected by the writ.

When the defendant in the case below appeared and moved to dismiss the complaint, the Justice Court acquired jurisdiction. Sec. 3409, Compiled Laws of Alaska, 1933.

The Court then refused to admit certain evidence offered by the plaintiff and later overruled his two motions. He may have been in error in each decision. The evidence may have been admissible as a matter of law. The motions may have been such that they should rightfully be granted. But these errors, if errors they were, on the part of the Justice may not be inquired into on writ of review.

The petition will be dismissed.