[Argued January 7; decided February 23, 1897.]

SOUTHERN OREGON COMPANY *v.* GAGE.

(47 Pac. 1101.)

From Coos: J. C. FULLERTON, Judge.

This is a proceeding by writ of review brought by the Southern Oregon Company against Gage, sheriff of Coos County, and others. The petition was filed in the court below September 10, 1895, and, omitting formal matters, states in substance that on the eight-

eenth day of July, 1895, a warrant was issued out of
the County Court of Coos County to the sheriff, com-
manding him to collect certain delinquent taxes for the
year 1894, among which was a pretended tax against
the plaintiff of $5,415.60, and that by virtue thereof
the sheriff was about to seize upon certain personal
property of the plaintiff in order to make the amount
of such tax; that the warrant is based upon an order
of the county court made July 12, 1895, directing its
issuance; that the assessor failed to file the assessment
roll until September 1, 1894, being after the time pre-
scribed by law, and the extension thereof granted by
the county court; that an unfinished roll was filed
prior to the last Monday in August, 1894, but the as-
sessor continued the work of assessment, and did not
in fact complete it until the meeting of the board of
equalization on August 27, 1894; that the county court
failed to levy the tax at the September term, 1894, and
did not make such levy until January 19, 1895, after
the time fixed by law for so doing had expired; and
that in the estimate of expenditures the court had un-
warrantably included an item of $7,000, being interest
upon excessive and illegal indebtedness of the county.
After setting out the effect of the evidence before the
board of equalization touching the comparative value
of certain pieces of property the petition assigns as
error (1) that the order of July 12, 1895, is insufficient,
in that it does not show that any taxes were levied
upon plaintiff's property for the year 1894, or that any
such taxes remained unpaid or delinquent; (2) that it
appears from the record that no taxes had been legally
levied against the property of plaintiff; (3) that the

attempted levy is based upon an unwarranted estimate of taxes; (4) that it was made without jurisdiction; (5) that the court failed to find in its said order what if any taxes assessed against plaintiff were delinquent and unpaid; (6) that plaintiff had no opportunity to be heard before the order was made; (7) that the county court, sitting as a board of equalization, placed a valuation upon the land of plaintiff in excess of that warranted by the evidence.

The return, in brief, shows that certain orders and proceedings were made and had as follows: On August 27, 1894, the board of equalization having under consideration the plaintiff's petition for a reduction of its assessment, continued the hearing thereon from day to day during the week, when the board adjourned and certified its proceedings to the county court, which met September 5, and continued the hearing from time to time until the 21st, when it ordered a large reduction of plaintiff's assessment. On the 22d the court continued the matter of levying the tax for 1894 until the regular January term thereof, and on January 24, 1895, the same being an adjourned day of said term, made its estimate of expenditures for the year, including therein $7,000.00 interest upon county indebtedness, and levied a tax of 19 mills on the dollar. A warrant issued March 2, 1895. On April 3 the court extended the time for the return of delinquent taxes to July 6, 1895. On July 11 the sheriff filed the same with his certificate annexed, and on July 18 the warrant referred to in the petition was issued by the clerk. Although alleged in the petition, the return does not show that any order whatever was

made directing the issuance of this warrant.   A motion to quash the writ having been sustained, judgment was given dismissing the proceedings, from which this appeal is prosecuted.

AFFIRMED.

For appellant there was a brief over the names of *J. W. Hamilton, Dolph, Mallory & Simon,* and *John A. Gray,* with an oral argument by *Messrs. J. W. Hamilton* and *Rufus Mallory.*

For respondent there was a brief over the names of *S. H. Hazard* and *George M. Brown,* district attorney, with an oral argument by *Mr. Hazard.*

Opinion by MR. JUSTICE WOLVERTON.

This record presents questions identical with those discussed and determined in a case just decided between the same parties involving the assessment and levy of taxes on plaintiff's property for the year 1893 (30 Or. 250, 47 Pac. 852), and it was so treated by counsel at the argument.   That case is, therefore, decisive of this, and it is unnecessary to reiterate the reasoning here upon which the conclusions are based. The judgment of the court below will be affirmed.

AFFIRMED.