Argued 3 February, decided 1 March, 1904.

**FARROW *v.* NEVIN.**

[75 Pac. 711.]

</div>

WRIT OF REVIEW—SUFFICIENCY OF TITLE.

1. Under Section 596, B. & C. Comp., providing that a writ of review shall be allowed on the petition of plaintiff (who is defined by section 592 to be the party prosecuting the proceeding), describing with convenient certainty the decision or determination sought to be reviewed and setting forth the errors alleged to have been committed therein, a petition for a writ of review otherwise sufficient is not fatally defective because it is not entitled in a court as an ordinary complaint would be.

STATING NAMES OF INTERESTED PARTIES.

2. It is not necessary to the validity of a writ of review that it state the names of the parties arranged as plaintiffs and defendants, or that it show how they are interested, where the record of the inferior tribunal shows that the parties appeared and tried the case there.

STATING DATE OF ORDER TO BE REVIEWED.

3. Failure in a petition for a writ of review to set out the date of the order sought to be reviewed is immaterial, where it appears otherwise that the petition was filed and the writ issued within the time limited by the statute for that purpose.

SPECIFICATION OF ERRORS IN PETITION.

4. The specification of errors in a petition for a writ of review need be only sufficiently definite to bring to the attention of the reviewing authority the action complained of and the reasons why the petitioner thinks it erroneous, as, that the inferior tribunal exceeded its jurisdiction in making a certain order.'

PARTIES TO REVIEW PROCEEDING.

5. Neither the county court nor the county judge is a proper or necessary party to a writ to review the action of that court in a probate matter.

PURPOSE OF WRIT OF REVIEW—QUESTIONS REVIEWABLE.

6. The purpose of a writ of review in Oregon is to review the proceedings of the inferior tribunal only in those particulars wherein it has acted without jurisdiction or has exercised its functions illegally. The action of the probate court, for example, in allowing a claim of an administrator against the estate where it was not presented until the period of limitation had expired, in violation of Section 1167, B. & C. Comp., is reviewable; but the court's action in reference to interest on the unexpended balance is not reviewable, being a matter within its jurisdiction.

From Columbia: THOMAS A. MCBRIDE, Judge.

Writ of review by Kinder C. Farrow and others against Allen Nevin, as administrator of the estate of John Farrow, deceased. From a judgment in favor of plaintiffs, defendant appeals.                                          AFFIRMED.

For appellant there was a brief over the name of *Dillard & Day*, with an oral argument by *Mr. J. W. Day.*

For respondents there was a brief over the names of *Samuel H. Gruber* and *Joel N. Pearcy*, with an oral argument by *Mr. Gruber.*

MR. JUSTICE BEAN delivered the opinion.

On July 20, 1891, the defendant, A. Nevin, was appointed administrator of the estate of John Farrow, deceased, by the county court of Columbia County, and immediately qualified and entered upon the discharge of his duties. In November, 1901, more than 10 years later, he filed his final account, in which he credited himself with $280 for money alleged to have been loaned by him to the deceased. Objections were made to the allowance of this item, because, among other things, the claim was barred by the statute of limitations; but the objections were overruled, and the item allowed by the county court. On a writ of review to the circuit court the decree of the county court was reversed, and the item disallowed, and the administrator charged with interest on the balance in his hands on March 6, 1893. From this judgment the present appeal is taken. It is contended that the petition for the writ of review is fatally defective, in that it is not entitled in any court; does not set out the names of any parties, either as plaintiffs or defendants; does not allege that the petitioners or any of them have any right to the writ or interest in the matter sought to be reviewed; does not show that it was filed within six months after the date of the order of final settlement in the county court; does

44 OR.——32

not specify any errors of the county court; and does not make either the county judge or court a party to the proceeding.

1. We do not think any of these objections sufficient to reverse the cause. It is true the petition is not entitled in any court, and does not contain the names of formal plaintiffs or defendants. It is denominated a "petition for writ of review of proceedings of the county court," and is addressed " To The Hon. Thomas A. McBride, Judge of the Circuit Court of the State of Oregon for Columbia County." It contains the names of the parties prosecuting the proceeding and that of the adverse party. It was filed with the clerk of the circuit court, and, based thereon, an order of the judge of that court was made directing a writ to issue as prayed for, which was done accordingly. The statute (B. & C. Comp. § 596) provides that the writ shall be allowed upon the petition of the plaintiff, who is defined to be the party prosecuting the proceeding (B. & C. Comp. § 592), describing the decision or determination sought to be reviewed with convenient certainty, and setting forth the errors alleged to have been committed therein. The statute must, of course, be substantially complied with before the writ can rightfully issue (*Southern Oregon Co.* v. *Coos County*, 30 Or. 250, 47 Pac. 852 ; *Southern Oregon Co.* v. *Gage*, 31 Or. 599, 47 Pac. 1101); but a mere failure to entitle the petition as a complaint in an ordinary action or suit is not so far fatal to the proceedings as to invalidate an order for the writ when the petition contains all the essential requisites of the statute.

2. The names of certain parties, including J. N. Pearcy, as administrator of the estate of William Farrow, deceased, are stated in the petition as the parties prosecuting the proceeding, and it is alleged that Farrow was the father and sole heir of the defendant's intestate, and prior to his death had given Pearcy a power of attorney to collect the

amount due him; that in due time after the filing of the final account of the defendant, and before the hearing, Mr. Gruber, as attorney for the heirs, filed objections to the allowance of certain items therein, including the one now in controversy. There is no direct averment that any of the parties named in the petition except William Farrow, were or are the heirs of the defendant's intestate, but it is inferentially so stated, and the record as certified up in obedience to the writ of review shows that such parties appeared in the court below and objected to the allowance of the final account.

3. The date of the order of the county court sought to be reviewed is not set out in the petition, but it does appear therefrom that the petition was filed and the writ issued within six months from the date of the filing of the final account, and therefore necessarily within the time provided by law after the order approving such account.

4. The error specified was sufficient. It is that the county court exceeded its jurisdiction in allowing the claim of the defendant administrator for money alleged to have been loaned by him to the deceased, because the claim was barred by the statute of limitations. The office of a petition for a writ of review is not that of a complaint in an ordinary action or suit, but merely to bring to the notice of the circuit court or judge thereof the decision or determination sought to be reviewed, and the grounds upon which the party prosecuting the proceeding seeks relief therefrom. When it is sufficient for this purpose, and the writ has been issued, and the proceedings sought to be reviewed have been certified to the circuit court, the latter may rightfully examine them to ascertain whether the inferior court, officer, or tribunal has exceeded its jurisdiction or exercised its functions erroneously to the injury of the petitioner, regardless of the mere technical defects in the petition for the writ.

5. Neither the county court nor judge thereof is a necessary or proper party to a proceeding to review the action of the county court in the matter of the final settlement of the estate of a decedent. They are not in any sense parties to the litigation, or interested in the result.

6. It is also insisted that the remedy of the petitioners was by an appeal from the decree of the county court, and not by writ of review. A writ of review, under our statute, cannot be used as a substitute for an appeal, nor can a mere error of an inferior court, officer, or tribunal, either of fact or of law, in the exercise of a rightful jurisdiction, be reviewed or considered in such a proceeding. The writ will lie only when the inferior court or tribunal has exceeded its jurisdiction or exercised its functions illegally or contrary to the course of procedure applicable to the matter before it : *Garnsey* v. *County Court,* 33 Or. 201 (54 Pac. 539, 1089); *McAnish* v. *Grant,* 44 Or. 57 (74 Pac. 396). In the case at bar, however, the question presented is not that of an erroneous exercise of a rightful jurisdiction, but that the county court exceeded its jurisdiction in allowing the claim of the administrator for money alleged to have been loaned by him to decedent, because it was prohibited from doing so by law. Section 1167, B. & C. Comp., provides that if an executor or administrator is a creditor of the estate, and his claim is not presented to the county judge for allowance "before it is barred by the statute of limitations, such claim cannot be allowed, retained, or recovered." Under this section the county court is without power or authority to allow the claim of an administrator or executor unless it has been presented to the county judge for allowance before it is barred by the statute of limitations. The claim of the administrator in this case was not so presented, and the court, therefore, exceeded its jurisdiction in allowing him credit therefor on final settlement. The circuit court, however, was in error in adjudging and decreeing that the

administrator should be charged with interest on the balance in his hands from March 6, 1893. That was a question which rightfully belonged and was within the jurisdiction of the county court, and its determination, even if erroneous, cannot be disturbed by the circuit court on a writ of review. The judgment appealed from will therefore be modified by remitting the interest, and in all else affirmed.

MODIFIED.