Argued September 24, affirmed October 12, rehearing denied December 14, 1926.

# WALTER H. BROWN v. THE CITY OF PORTLAND.

(249 Pac. 819.)

**Criminal Law—Admissibility in Municipal Court, of Evidence Obtained by Illegal Search and Seizure is not Reviewable on Writ of Review Issued by Circuit Court (Or. L., § 605).**

1. Admissibility, in municipal court, of evidence obtained by illegal search and seizure, was not reviewable on writ of review issued by Circuit Court, since appeal was adequate, and such writ, even under Section 605, Or. L., cannot be substituted for appeal.

1. See 5 R. C. L. 256.

Criminal Law—Writ of Review cannot be Invoked to Review Ruling of Municipal Court Denying Motion for Directed Verdict, Where There was Evidence to Support Verdict Returned.

2. Writ of review cannot be invoked to review ruling of municipal court denying motion for directed verdict, where there was evidence to support verdict which was returned, since court in such case did not exercise its functions erroneously.

Criminal Law, 16 C. J., p. 380, n. 13.

From Multnomah: LOUIS P. HEWITT, Judge.

Department 1.

Defendant was convicted in the Municipal Court of the City of Portland of unlawful possession of intoxicating liquor. At the commencement of the trial a motion was denied to quash the search-warrant issued out of that court and to dismiss "any proceedings based upon said search-warrant or upon any purported discoveries or evidences obtained," for the reason that it was issued "improperly, illegally, and without probable cause." Over the objection of counsel for defendant, evidence tending to substantiate the complaint was admitted. Upon the verdict of the jury, a judgment of conviction was entered.

Pursuant to petition of defendant, a writ of review was issued by the Circuit Court. However, upon motion of the City, the writ was subsequently quashed and the proceedings dismissed. Whereupon defendant appealed.     AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Milton R. Klepper* and *Messrs. Lord & Moulton,* with an oral argument by *Mr. Wm. P. Lord.*

For respondent there was a brief and oral arguments by *Mr. Frank S. Grant,* City Attorney, and *Mr. Robert A. Imlay,* Deputy City Attorney.

BELT, J.—1. At the threshold of the case, we are met with the inquiry: Has defendant mistaken his remedy? The answer hinges upon whether the petition for the writ, assuming its allegations to be true, establishes *prima facie* that the municipal court was without jurisdiction or that it exercised its functions erroneously. It is not seriously contended that the court was without jurisdiction. So we turn to the petition to ascertain whether, in the language of the statute, the court exercised its functions erroneously. Defendant's right to the writ is predicated on the failure of the court: (1) to quash the search-warrant and stay proceedings as stated in the above motion; and (2) to grant his motion for a directed verdict of acquittal.

Annexed to the petition as exhibits are: "A"—Affidavit for Search-warrant; "B"—Deposition on Search-warrant; "C"—Search-warrant; "D"—Complaint; "E"—Motion to quash warrant and stay proceedings; and "F"—Bill of Exceptions consisting of entire transcript of evidence, together with the instructions of the court to the jury.

The primary inquiry before the municipal court was the guilt or innocence of the defendant. Whether the search-warrant was improperly issued was a collateral issue. The ruling of the court relative to the admissibility of evidence obtained by an illegal search and seizure is not a matter for review in a special proceeding of this nature. As stated in *Smith* v. *City of Portland,* 25 Or. 297 (35 Pac. 665):

"Courts will not examine the evidence, in such cases, when in the record, to determine whether questions of fact have been properly decided."

It is certain that the city court was acting within the rightful exercise of its jurisdiction. The writ

does not lie to review alleged errors in the admission of evidence while so acting. While the statute (Section 605, Or. L.) provides that the writ shall be concurrent with the right of appeal, it was not the intention of the legislature that it be substituted for an appeal: *Garnsey* v. *County Court,* 33 Or. 201 (54 Pac. 539, 1089); *McAnish* v. *Grant,* 44 Or. 57 (74 Pac. 396); *Farrow* v. *Nevin,* 44 Or. 496 (75 Pac. 711); *McCabe-Duprey Tanning Co.* v. *Eubanks,* 57 Or. 44 (102 Pac. 795, 110 Pac. 395). Appeal and writ of review are entirely dissimilar remedies.

2. Nor can the writ be invoked to review the ruling of the court in denying defendant's motion for a directed verdict. There is evidence to support the verdict. Hence no question of law is involved. The record does not disclose that the court in this respect exercised its "functions illegally or contrary to the course of procedure applicable to the matter before it." *Farrow* v. *Nevin, supra.*

In the instant case defendant could have had full, complete and adequate redress by appealing to the Circuit Court where the matter would have been heard *de novo.* He has mistaken his remedy.

On the merits, however, we think the search-warrant was not improperly issued and that the evidence obtained through such process was admissible. Defendant offered no evidence to refute the charge of the City, but relied wholly upon what appears to us a technical defense.

The judgment of the Circuit Court in quashing the writ and dismissing the proceeding is affirmed.

AFFIRMED.    REHEARING DENIED.

BEAN, BURNETT and COSHOW, JJ., concur.